IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    ELMER GATES and MARY GATES,
                                        DEBTORS

CAUSE NO. 18-10563-JDW
CHAPTER 13

## OBJECTION TO CONFIRMATION OF PLAN

COMES NOW Ally Financial, Inc. (Ally) by counsel, and objects to the proposed plan submitted by the Debtors and in support thereof respectfully shows the following:

1. Ally is the holder of a retail installment contract financing the purchase of a 2010 Chevrolet Avalanche, VIN 3GNNCGE02AG116576. A copy of said contract is attached hereto as Exhibit "A".

2. Ally has perfected its security interest in the aforedescribed vehicle by endorsement upon the Certificate of Title issued by the State of Mississippi. A copy of said Title is attached hereto as Exhibit "B".

3. The Debtors' proposed plan, attached hereto, provides the value of the aforesaid vehicle to be $13,000.00 and proposes to pay the said amount at the rate of 6.00%. The amount owed by the Debtors at the time of the filing was $15,723.28. The contract rate of interest is 6.49%. A copy of the relevant portion of the Plan is attached hereto as Exhibit "C".

4. Ally asserts that the value of the aforesaid vehicle is at least $16,267.50 based upon the February 2018 NADA Southeastern Edition.

5. There is no evidence of physical damage insurance on the described motor vehicle therefore the collateral is impaired and the position of the Creditor, Ally, is impaired as well by the failure of the Debtors to maintain insurance which constitutes a violation of the financing agreement.

In Re:       Elmer Gates and Mary Gates
Case No.:    18-10563-JDW
Page 2

6.  Since it appears that the value of the collateral is greater than the indebtedness Ally asserts that it is entitled to reasonable attorney's fees pursuant to the provisions of 11 U.S.C. 506(b).

PREMISES CONSIDERED, Movant objects to confirmation of the proposed plan because of the value assigned by the Debtors and the absence of insurance and asks the Court for an order denying confirmation or alternatively declaring the value to be at least $16,267.50 with the Debtors to pay the balance of the debt of $15,723.28 plus interest to Ally as a fully secured claim and requiring the Debtors to furnish evidence of physical damage insurance with Ally as loss payee and maintain such insurance until the amount in the confirmed plan has been fully paid. Ally also asserts and asks the Court for an order awarding it reasonable attorney's fee pursuant to the provisions of 11 U.S.C. 506(b). Ally also seeks adequate protection and such further relief as may be proper in the premises.

Respectfully submitted,
Ally Financial, Inc.

By:  /s/ Joseph C. Gibbs
Joseph C. Gibbs         MS Bar No. 4814
111 Court Street - Post Office Box 1117
Clarksdale, Mississippi 38614-1117
Phone: (662) 627-4146
Email: jcglaw@bellsouth.net

Attorney for Ally Financial, Inc.

In Re:        Elmer Gates and Mary Gates
Case No.:     18-10563-JDW
Page 3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing electronically filed Objection to Confirmation of Plan was served on the Parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Election filing indicated that Notice was electronically mailed to said party.

Robert Lomenick, Jr.
Attorney for Debtors

Terre M. Vardaman
Chapter 13 Bankruptcy Trustee

Office of the U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

    THIS the 2nd day of April, 2018.

                                                                         /s/ Joseph C. Gibbs_____